■ Duane Reade, Appellant, v SL Green Operating Partnership, LP, Respondent. [817 NYS2d 230]—

Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered on or about February 23, 2004, which, to the extent appealed from as limited by the briefs, granted defendant's pre-answer motion to dismiss the sixth cause of action sounding in negligence as being duplicative of the fifth cause of action for breach of contract, unanimously reversed, on the law, without costs, the motion denied, and the sixth cause of action reinstated.

Plaintiff is a commercial tenant in a building owned and operated by defendant. The complaint alleges that defendant

reduced the heat in the building and that freezing temperatures caused a sprinkler pipe to burst, resulting in $500,000 in damages to plaintiff's property on the ninth and tenth floors. The fifth cause of action seeks damages for breach of contract and the sixth cause of action seeks damages for negligence. Both allege that defendant failed "to maintain in good working order and repair . . . plumbing . . . and ventilating systems" on the premises, to maintain adequate heat, and to install and maintain a flow alarm on the sprinkler system. Damages in the amount of $500,000 are sought in each instance. Concluding that defendant's duty to plaintiff arose solely under the lease, Supreme Court dismissed the negligence cause of action as duplicative of the contract cause of action (CPLR 3211).

Plaintiff contends that the duties implicated by its negligence cause of action arise not from defendant's violation of obligations imposed by the lease but from those imposed by statute, specifically, the duty to maintain the premises in reasonably safe condition and to protect the components of the sprinkler system from freezing temperatures (Multiple Dwelling Law § 78; Building Code [Administrative Code of City of NY] §§ 27-966, 27-949). Plaintiff argues that the duty upon which its negligence claim rests is imposed by a statute designed for the protection of the general public and, thus, may be asserted in addition to its contract claim. We agree.

Generally, a tort cause of action that is based upon the same facts underlying a contract claim will be dismissed as a mere duplication of the contract cause of action (*see Richbell Info. Servs. v Jupiter Partners*, 309 AD2d 288, 305 [2003]), particularly where, as here, both seek identical damages (*see McMahan & Co. v Bass*, 250 AD2d 460, 462 [1998], *lv denied and dismissed* 92 NY2d 1013 [1998]). However, the Court of Appeals has identified "borderland situations" where "[a] legal duty independent of contractual obligations may be imposed by law as an incident to the parties' relationship" (*Sommer v Federal Signal Corp.*, 79 NY2d 540, 551 [1992]; *see also New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 316-317 [1995]). In *Sommer*, a building owned by 810 Associates sustained damages when a fire went undetected because the company that monitored the building's alarms had negligently taken them out of service (79 NY2d at 548-549). 810 Associates had contracted with Holmes Protection, Inc. to provide central station monitoring services. The Court held that "810's claims against Holmes are not limited to breach of contract but may also sound in tort" (*id.* at 552). The Court reasoned that the nature of the injury removes the claim from the underlying contract. The Court noted that New York

City fire regulations provide penalties for failure to transmit alarms and to provide qualified central station operators; that the service provided is a significant public benefit; and that catastrophic consequences may result from the failure to perform the service with care (*id.* at 552-553). Moreover, the injury is typical of a tort claim both in respect to the manner in which it occurred and in the harm that resulted. Finally, the owner sought to recover not the benefit of its contractual bargain but damages resulting from an " 'abrupt, cataclysmic occurrence' " (*id.* at 553, quoting *Bellevue S. Assoc. v HRH Constr. Corp.*, 78 NY2d 282, 294 [1991]).

Plaintiff has stated a viable tort claim pursuant to *Sommer*. The abrupt nature of the injury and the resulting damages are "both typical of tort claims" (*id.*) and follow from landlord's breach of its statutory duty to maintain the premises "in good repair" (Multiple Dwelling Law § 78 [1]). Further, the requirements to protect water supply pipes from freezing temperatures and to install a flow alarm are part of a comprehensive scheme of regulations designed to promote fire safety and to ensure the integrity of building sprinkler systems for the protection of the general public. Concur—Tom, J.P., Friedman, Sullivan, Catterson and Malone, JJ.