■ BRAVO REALTY CORP. et al., Respondents, v MT. HAWLEY INSURANCE COMPANY, Appellant. [823 NYS2d 360]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered August 11, 2005, which, inter alia, granted plaintiffs' motion for partial summary judgment declaring that defendant insurer is obligated to defend plaintiffs, its insureds, in the underlying action, unanimously affirmed, with costs.

The duty to defend is "exceedingly broad" and an insurer will be required to defend its insured whenever the allegations of the complaint suggest a reasonable possibility of coverage (*see Automobile Ins. Co. of Hartford v Cook*, 7 NY3d 131, 137 [2006]). Here, the complaint in the underlying action seeks recovery, at least in part, on the theory that negligence on the part of plaintiff insureds proximately caused the alleged damages and, as such, alleges conduct falling within the subject policy's coverage. The allegations of negligence are not necessarily based on violations of lease obligations, as defendant argues (*see Duane Reade v SL Green Operating Partnership, LP*, 30 AD3d 189 [2006]). That the underlying complaint also seeks recovery on theories alleging intentional conduct and breach of contract arguably not within the coverage, does not, given the allegations that do fall within the coverage, avail defendant insurer insofar as it seeks to avoid providing its insureds a defense (*Technicon Elecs. Corp. v American Home Assur. Co.*, 74 NY2d

66, 73-74 [1989]). Nor has defendant insurer shown that the allegations of the complaint cast the pleading " 'solely and entirely within the policy exclusions' " it invokes (*see Automobile Ins. Co. of Hartford*, 7 NY3d 131, 137 [2006], quoting *Allstate Ins. Co. v Mugavero*, 79 NY2d 153, 159 [1992]). The record does not permit us to conclude, as a matter of law, that the damages claimed in the underlying action are barred by the policy's exclusions for known loss, expected or intended property damage, or discrimination, and we find defendant's interpretation of the policy's breach of contract exclusion untenably broad (*see Hotel des Artistes, Inc. v General Acc. Ins. Co. of Am.*, 9 AD3d 181, 189-193 [2004], *lv dismissed* 4 NY3d 739 [2004]).

We have considered defendant's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Sullivan, McGuire and Malone, JJ.