■ RICHARD BENNETT et al., Appellants, v STATE FARM FIRE AND CASUALTY COMPANY, Respondent, et al., Defendants. [26 NYS3d 550]—

In an action, inter alia, to recover damages for negligence and pursuant to Navigation Law article 12, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Palmieri, J.), dated September 23, 2014, which granted the motion of the defendant State Farm Fire and Casualty Company pursuant to 3211 (a) to dismiss the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant State Farm Fire and Casualty Company which was pursuant to CPLR 3211 (a) to dismiss the cause of action alleging negligence insofar as asserted against it, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

This action arises from an oil contamination incident that occurred at the plaintiffs' property in May 2011. At the time of the incident, the plaintiffs carried a homeowner's insurance

policy with the defendant State Fire Farm and Casualty Company (hereinafter State Farm). As relevant to this appeal, that policy contained exclusions from coverage for damage to the property caused by "contamination," and for damage to the "land." The policy contained a third-party liability provision, which provided coverage for, inter alia, certain liability claims asserted against the plaintiffs. In connection with the May 2011 oil contamination incident, State Farm provided coverage pursuant to the third-party liability provision, to the extent of remediating the property as directed by the New York State Department of Environmental Conservation, as a third-party claimant.

The plaintiffs commenced this action to recover damages relating to the oil remediation process at their property. Named as defendants were, among others, State Farm, Holzmacher, McLendon & Murrell, P.C. (hereinafter H2M), an engineering and architectural firm retained by State Farm in connection with this project, and Milro Associates, Inc. (hereinafter Milro), a remediation contractor engaged by the plaintiffs and paid by State Farm. As against State Farm, the complaint alleges, inter alia, that State Farm and its agent, H2M, supervised all remediation work at the property. The complaint further alleges that State Farm and H2M, along with Milro, caused additional damage to the property, beyond that incurred in the initial oil contamination incident. The Supreme Court granted State Farm's motion pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against it. The plaintiffs appeal.

On appeal, State Farm contends that this action is untimely. However, in its motion papers, State Farm argued only that certain causes of action were time-barred. Therefore, its contention with respect to most of the plaintiffs' claims is not properly before this Court (*see Wells Fargo Bank, N.A. v Erobobo*, 127 AD3d 1176, 1178 [2015]; *Williams v Yang Qi Nail Salon, Inc.*, 113 AD3d 843, 845 [2014]). With respect to State Farm's contentions that are properly before this Court, the action is not untimely. The applicable insurance policy provides that "[n]o action shall be brought [against State Farm] unless there has been compliance with the policy provisions and the action is started within two years after the occurrence causing loss or damage." However, construing that ambiguous provision against the insurer (*see White v Continental Cas. Co.*, 9 NY3d 264, 267 [2007]; *Yeshiva Viznitz v Church Mut. Ins. Co.*, 132 AD3d 853 [2015]), the provision applies only to suits alleging breach of the "policy provisions." In this action, the plaintiffs do not allege a breach of the "policy provisions," as they do not

allege that State Farm failed to pay for damages in violation of the insurance policy. Rather, the plaintiffs essentially allege that State Farm engaged in negligence and fraud, in connection with its supervision of the remediation and repair work at their property. Under these circumstances, the provision of the policy that sets forth a two-year limitations period is inapplicable (*see generally Executive Plaza, LLC v Peerless Ins. Co.*, 22 NY3d 511, 518 [2014]; *5 Awnings Plus, Inc. v Moses Ins. Group, Inc.*, 108 AD3d 1198, 1200 [2013]).

The Supreme Court properly granted that branch of State Farm's motion which was to dismiss so much of the complaint as alleged that the plaintiffs were third-party beneficiaries of contracts between State Farm and Milro, and State Farm and H2M, and that State Farm breached such contracts. On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court must liberally construe the complaint, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). Here, however, the complaint fails to allege, inter alia, the terms of the agreements between State Farm and H2M and Milro, respectively. Therefore, the complaint fails to state a viable claim for relief based on a third-party contract beneficiary theory (*see Superior Ice Rink, Inc. v Nescon Contr. Corp.*, 40 AD3d 963 [2007]). Further, to the extent that the plaintiffs argue that they stated a viable cause of action based on a theory of tortious interference with contract by State Farm, the complaint fails to plead the terms of the alleged underlying contract between the plaintiffs and Milro and any specific breach thereof (*see Braunstein v Braunstein*, 132 AD3d 620 [2015]; *Robert Wayne Distribs. v Noonan*, 204 AD2d 421 [1994]).

As the Supreme Court properly found, the complaint fails to plead with the requisite specificity a cause of action to recover damages for fraud against State Farm (*see* CPLR 3016 [b]; *Fulton v Hankin & Mazel, PLLC*, 132 AD3d 806 [2015]; *Brualdi v IBERIA, Lineas Aereas de España, S.A.*, 79 AD3d 959, 961 [2010]; *Dumas v Fiorito*, 13 AD3d 332, 333 [2004]).

The complaint also fails to state a cause of action against State Farm to recover damages for aiding and abetting a breach of fiduciary duty. Although the complaint alleges that State Farm aided a breach of fiduciary duty running from H2M and Milro to the plaintiffs, it fails to plead facts that would give rise to the existence of a fiduciary duty (*see Cornwell v NRT N.Y. LLC*, 95 AD3d 637 [2012]; *see generally WIT Holding*

*Corp. v Klein*, 282 AD2d 527, 529 [2001]), a necessary element of this cause of action (*see Baron v Galasso*, 83 AD3d 626, 629 [2011]; *AHA Sales, Inc. v Creative Bath Prods., Inc.*, 58 AD3d 6, 23 [2008]; *Kaufman v Cohen*, 307 AD2d 113, 126 [2003]).

However, the complaint states a viable negligence cause of action against State Farm. In general, "a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated" (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389 [1987]; *see Countrywide Home Loans, Inc. v United Gen. Tit. Ins. Co.*, 109 AD3d 953, 954 [2013]). A legal duty that forms the breach of a tort claim "must spring from circumstances extraneous to, and not constituting elements of, the contract, although it may be connected with and dependent upon the contract" (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d at 389).

Here, the plaintiffs do not allege that State Farm breached the insurance policy by failing to pay for damages as required by the policy. Rather, the plaintiffs allege that State Farm affirmatively undertook to supervise, direct, and perform the remediation and repair of their property. Specifically, the complaint alleges, inter alia, that State Farm and H2M, acting as State Farm's agent, failed to exercise reasonable care in the course of supervising remediation and repair, and that such failure caused additional damage to the property. The complaint also alleges that State Farm supervised and directed the work of H2M, potentially giving rise to vicarious liability on the part of State Farm for negligence, if any, of that contractor (*see Kleeman v Rheingold*, 81 NY2d 270, 274 [1993]; *Willis v City of New York*, 266 AD2d 208 [1999]). Under these circumstances, the complaint states a cause of action for negligence against State Farm (*see Landon v Kroll Lab. Specialists, Inc.*, 91 AD3d 79, 84-85 [2011], *affd* 22 NY3d 1 [2013]; *New York Cent. Mut. Fire Ins. Co. v Glider Oil Co., Inc.*, 90 AD3d 1638, 1640 [2011]; *Sound Refrig. & A.C., Inc. v All City Testing & Balancing Corp.*, 84 AD3d 1349, 1350 [2011]; *Duane Reade v SL Green Operating Partnership, LP*, 30 AD3d 189, 190-191 [2006]; *State Farm Fire & Cas. Co. v Southtowns Tele-Communications*, 245 AD2d 1028, 1029 [1997]).

The complaint fails to plead conduct potentially warranting punitive damages, based on a "showing of 'reckless disregard for the rights of others, bordering on intentional wrongdoing' " that affects the public generally (*Jones v LeFrance Leasing Ltd. Partnership*, 127 AD3d 819, 821 [2015], quoting *Cowsert v Macy's E., Inc.*, 74 AD3d 1444, 1445 [2010]; *see Marinaccio v Town of Clarence*, 20 NY3d 506, 511 [2013]; *Dupree v Giugliano*,

20 NY3d 921, 924 [2012]; *Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 613 [1994]).

In opposition to State Farm's motion to dismiss the complaint, the plaintiffs did not seek leave to amend their complaint. Thus, they may not now properly seek such relief (*see generally DiLacio v New York City Dist. Council of United Bhd. of Carpenters & Joiners of Am.*, 80 AD3d 553, 554 [2011]). Dillon, J.P., Cohen, Maltese and Barros, JJ., concur.