██ In the Matter of GREGORY SOLDATENKO et al., Respondents, v VILLAGE OF SCARSDALE ZONING BOARD OF APPEALS et al., Appellants. [30 NYS3d 657]—

In a hybrid proceeding pursuant to CPLR article 78 to review so much of a determination of the Village of Scarsdale Zoning Board of Appeals dated July 31, 2013, as, after a hearing, and upon granting the application of the petitioners/plaintiffs for an area variance, imposed certain conditions, and action for declaratory relief, the respondents/defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Neary, J.), entered June 9, 2014, as denied their motion, in effect, pursuant to CPLR 3211 (a) to dismiss the fourth cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The petitioners/plaintiffs (hereinafter the plaintiffs) commenced the instant hybrid proceeding and action, inter alia, to seek review of so much of a determination by the Village of Scarsdale Board of Appeals, sued herein as the Village of Scarsdale Zoning Board of Appeals, dated July 31, 2013, as, upon granting the plaintiffs an area variance, did so with the condition, among other things, that they obtain an access easement across certain Village-owned property between the end of a portion of Farragut Road appearing on a certain map and a proposed lot. Before the Village Board of Appeals answered the petition/complaint, the plaintiffs filed an amended petition/complaint, which, inter alia, asserted a fourth cause of action seeking a judgment declaring that an easement was not necessary to access their lot because the Village-owned property at issue was paved and used by the public as though it was an extension of Farragut Road and, thus, had become a public street by prescription pursuant to Village Law § 6-626. The amended petition/complaint also named the Village of Scarsdale Board of Trustees as a respondent/defendant with respect to the fourth cause of action.

The respondents/defendants (hereinafter the defendants) moved, in effect, pursuant to CPLR 3211 (a) (5) and (7) to dismiss the fourth cause of action on the grounds that it was untimely and the plaintiffs failed to state a cause of action. In

the order appealed from, the Supreme Court, inter alia, denied the motion.

In considering a motion to dismiss a complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the sole criterion is whether, from the complaint's four corners, factual allegations are discerned which, taken together, manifest any cause of action cognizable at law (*see Guggenheimer v Ginzburg,* 43 NY2d 268, 275 [1977]). For purposes of a CPLR 3211 (a) (7) motion, the facts pleaded are presumed to be true and are to be accorded every favorable inference (*see* CPLR 3026; *Leon v Martinez,* 84 NY2d 83, 87-88 [1994]; *Morone v Morone,* 50 NY2d 481, 484 [1980]). Applying this standard, the allegations in the fourth cause of action of the amended petition/complaint stated a cause of action pursuant to CPLR 3001 for a declaratory judgment (*cf.* CPLR 3001; Village Law § 6-626). Consequently, the Supreme Court properly denied that branch of the defendants' motion which was, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the fourth cause of action for failure to state a cause of action.

The Supreme Court also properly concluded that the defendants failed to establish that the fourth cause of action was time-barred. Assuming that the 30-day time limit set forth in Village Law § 7-712-c applies to this hybrid action/proceeding, since the relief sought in the subject declaratory judgment cause of action is available in the context of the CPLR article 78 proceeding (*see Gress v Brown,* 20 NY3d 957, 959 [2012]; *Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex.,* 87 NY2d 36, 40-41 [1995]; *Solnick v Whalen,* 49 NY2d 224 [1980]), the amended petition/complaint was timely under the relation back doctrine (*see* CPLR 203 [b], [f]; *Buran v Coupal,* 87 NY2d 173, 177-181 [1995]). Contrary to the defendants' contention, the Supreme Court did not err in finding that, under the circumstances of this case, the Village Board of Appeals and the Village Board of Trustees were united in interest within the meaning of the doctrine (*compare Matter of Emmett v Town of Edmeston,* 2 NY3d 817 [2004]). Dillon, J.P., Austin, Maltese and Barros, JJ., concur.