Bennett v State Farm Fire & Cas. Co. (2018 NY Slip Op 03499)





Bennett v State Farm Fire & Cas. Co.


2018 NY Slip Op 03499


Decided on May 16, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2017-02143
 (Index Nos. 10385/13, 385/14, 602582/14)

[*1]Richard Bennett, et al., plaintiffs,
v
State Farm Fire and Casualty Company, et al., defendants. (Action No. 1)
State Farm Fire and Casualty Company, etc.,plaintiff, Creative Landscaping by Cow Bay, Inc., et al., defendants. (Action No. 2)
Richard Bennett, et al., appellants,
v
v State Farm Fire and Casualty Company, et al., respondents, et al., defendant. (Action No. 3)


Edward J. Boyle, Manhasset, NY, for appellants.
Rivkin Radler LLP, Uniondale, NY (Cheryl F. Korman, Merril S. Biscone, and Sean McAloon of counsel), for respondent State Farm Fire and Casualty Company.
L'Abbate, Balkan, Colavita & Contini, LLP, Garden City, NY (Keith J. Stevens of counsel), for respondent Holzmacher, McLendon and Murrell, P.C.



DECISION & ORDER
In an action, inter alia, to recover damages for gross negligence (Action No. 3), the plaintiffs appeal from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered January 24, 2017. The order, insofar as appealed from, granted the motion of the defendant State Farm Fire and Casualty Company, and the separate motion of the defendant Holzmacher, McLendon and Murrell, P.C., pursuant to CPLR 3211(a) to dismiss the amended complaint in Action No. 3 insofar as asserted against each of them.
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting that branch of the motion of the defendant State Farm Fire and Casualty Company which was to dismiss the cause of action alleging gross negligence and the claim for punitive damages insofar as asserted against it, and that branch of the motion of the defendant Holzmacher, McLendon and Murrell, P.C., which was to dismiss the cause of action to recover damages for gross negligence and the claim for punitive damages insofar as asserted against it, and substituting therefor provisions denying those branches of the respective motions; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiffs.
These related actions arise from an oil contamination incident that occurred at the property of the plaintiffs, Richard Bennett and Mary Wendell Bennett, in May 2011. At the time of the incident, the plaintiffs had a homeowner's insurance policy with the defendant State Farm Fire and Casualty Company (hereinafter State Farm). In connection with the incident, State Farm provided coverage pursuant to a third-party liability provision in the subject policy. The oil remediation process at the plaintiffs' property was performed by the defendant Holzmacher, McLendon & Murrell, P.C. (hereinafter H2M), an engineering and architectural firm retained by State Farm.
The plaintiffs commenced this action (Action No. 3) to recover damages relating to the remediation process against, among others, State Farm and H2M, alleging, inter alia, negligence and fraud, and seeking punitive damages. In an order dated September 23, 2014, the Supreme Court directed dismissal of the complaint insofar as asserted against State Farm. On the plaintiffs' appeal, this Court rejected State Farm's claim that the negligence cause of action was time-barred, and reinstated that cause of action against State Farm (see Bennett v State Farm Fire & Cas. Co., 137 AD3d 727).
In an amended complaint, the plaintiffs set forth that State Farm and its agent, H2M, supervised the remediation work at the property. The amended complaint included causes of action pursuant to General Business Law § 349 and alleging gross negligence, asserting that State Farm and H2M, along with the defendant Milro Associates, Inc., a contractor, caused additional damage to the property beyond the damage incurred in the initial oil contamination incident. The Supreme Court granted State Farm's and H2M's separate motions pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them. The court determined that the causes of action pursuant to General Business Law § 349 and alleging gross negligence were time-barred, and that the claims for punitive damages were barred by the law of the case doctrine and, in any event, failed to state a cause of action. The plaintiffs appeal.
We conclude that the cause of action pursuant to General Business Law § 349 was not untimely. A cause of action to recover damages pursuant to General Business Law § 349 must be commenced within three years of its accrual (see CPLR 214[2]; Corsello v Verizon N.Y., Inc., 18 NY3d 777, 790). The allegations underlying this cause of action in the amended complaint involved the same transactions and occurrences pleaded in the original complaint, which fairly apprised State Farm and H2M of the basis of the cause of action (see CPLR 203[f]; Assevero v Hamilton & Church Props., LLC, 154 AD3d 728, 730; Matter of Soldatenko v Village of Scarsdale Zoning Bd. of Appeals, 138 AD3d 1002, 1003; Pendleton v City of New York, 44 AD3d 733, 736-737). The original complaint was interposed within three years of the date of the accrual of a potential General Business Law § 349 cause of action, which accrued no earlier than the date that H2M and State Farm last performed work at the premises (see City School Dist. of City of Newburgh v Stubbins & Assoc., 85 NY2d 535, 538; Village of Lindenhurst v J.D. Posillico, Inc., 94 AD3d 1101, 1102).
Nevertheless, the Supreme Court should have directed dismissal of the General Business Law § 349 cause of action pursuant to CPLR 3211(a)(7). "When a party moves to dismiss a complaint pursuant to CPLR 3211(a)(7), the standard is whether the pleading states a cause of action, not whether the proponent of the pleading has a cause of action" (Sokol v Leader, 74 AD3d 1180, 1180-1181; see Guggenheimer v Ginzburg, 43 NY2d 268, 275). In considering such a motion, the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88; see Nonnon v City of New York, 9 NY3d 825, 827). Here, the amended complaint fails to state a cause of action for relief pursuant to General Business Law § 349, as it does not allege that State Farm or H2M engaged in deceptive conduct that is consumer oriented, i.e., conduct that has a broad impact on consumers at large (see Nafash v Allstate Ins. Co., 137 AD3d 1088, 1090; JP Morgan Chase Bank, N.A. v Hall, 122 AD3d 576, 581; Vescon Constr., Inc. v Gerelli Ins. Agency, Inc., 97 AD3d 658, 659; Flax v Lincoln Natl. Life Ins. Co., 54 AD3d 992, 994-995). Thus, we agree that the General Business Law § 349 cause of action should have been dismissed, albeit for different reasons that those of the Supreme Court.
The Supreme Court should not have granted those branches of State Farm's and H2M's motions which were to dismiss the cause of action alleging gross negligence insofar as asserted against each of them. As the original complaint gave notice of the transactions or occurrences to be proven as to the gross negligence causes of action, those causes of action related back to the date of timely filing of the original complaint (see Assevero v Hamilton & Church Props., LLC, 154 AD3d at 730; Matter of Soldatenko v Village of Scarsdale Zoning Bd. of Appeals, 138 AD3d at 1003; Pendleton v City of New York, 44 AD3d at 736).
The amended complaint stated a viable gross negligence cause of action as against State Farm and H2M. Gross negligence "differs in kind, not only degree, from claims of ordinary negligence" (Colnaghi, U.S.A. v Jewelers Protection Servs., 81 NY2d 821, 823; see Goldstein v Carnell Assoc., Inc., 74 AD3d 745, 746). "To constitute gross negligence, a party's conduct must smack[ ] of intentional wrongdoing' or evince[ ] a reckless indifference to the rights of others'" (Ryan v IM Kapco, Inc., 88 AD3d 682, 683, quoting Sommer v Federal Signal Corp., 79 NY2d 540, 554 [internal quotation marks omitted]; Skywest, Inc. v Ground Handling, Inc., 150 AD3d 922, 923; J. Petrocelli Cont., Inc. v Morganti Group, Inc., 137 AD3d 1082, 1083). Generally, the question of gross negligence is a matter to be determined by the trier of fact (see Food Pageant v Consolidated Edison Co., 54 NY2d 167, 172-173; Dolphin Holdings, Ltd. v Gander & White Shipping, Inc., 122 AD3d 901, 902).
The allegations, inter alia, that State Farm and H2M greatly exacerbated the existing damage to the property by causing the spread of the existing contamination and by directing the backfilling of areas of the property after leaving in place significant existing contamination are sufficient to support a gross negligence cause of action (see Dolphin Holdings, Ltd. v Gander & White Shipping, Inc., 122 AD3d at 902; see also Liberman & Cayre Synergy 73rd LLC, 108 AD3d 426, 428; Southern Wine & Spirits of Am., Inc. v Impact Envtl. Eng'g, PLLC, 104 AD3d 613).
The Supreme Court should not have granted dismissal of the plaintiffs' demand for punitive damages insofar as asserted against State Farm and H2M. In the prior appeal in this action, this Court did not resolve the issue now raised, namely whether the amended complaint sets forth a sufficient basis for an award of punitive damages (see Bennett v State Farm & Cas. Co., 137 AD3d 729). Therefore, contrary to the contention of State Farm and H2M, the law of the case doctrine does not preclude consideration of this issue (see Matter of Doman, 150 AD3d 994, 995; New York Tile Wholesale Corp. v Thomas Fatato Realty Corp., 115 AD3d 829, 831). Punitive damages may properly be awarded where, inter alia, a defendant's conduct is grossly negligent (see Home Ins. Co. v American Home Prods. Corp., 75 NY2d 196, 201; Guariglia v Price Chopper Operating Co., Inc., 38 AD3d 1043). Here, viewing the amended complaint in the light most favorable to the plaintiff (see Leon v Martinez, 84 NY2d at 87-88), we find that it sets forth a viable basis for the request for punitive damages (see Gomez v Cabatic, 159 AD3d 62, 74; Gipe v DBT Xpress, LLC, 150 AD3d 1208, 1209-1210; Quiroz v Zottola, 96 AD3d 1035, 1037; see also Cleary v Wallace Oil Co.,Inc., 55 AD3d 773, 776-777).
LEVENTHAL, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court