■ ERIC DIAZ, Respondent, v JOANN DIGIULIO, Defendant, and FIRST FIDELITY LEASING GROUP, Also Known as FIRST UNION AUTO FINANCE, Appellant. [816 NYS2d 125]—In an action to recover damages for personal injuries, the defendant First Fidelity Leasing Group, Inc., also known as First Union Auto Finance, appeals from an order of the Supreme Court, Richmond County (Maltese, J.), dated March 22, 2005, which denied its motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against it as time-barred.

Ordered that the order is affirmed, without costs or disbursements.

The Supreme Court erred in holding that the defendant First Fidelity Leasing Group, Inc., also known as First Union Auto Finance (hereinafter Fidelity), was precluded from raising the statute of limitations as a defense to the action because it failed to appear in opposition to the plaintiff's motion for leave to amend the complaint to add Fidelity as a party (*see People v Evans,* 94 NY2d 499, 502 [2000]; *Matter of Oyster Bay Assoc. Ltd. Partnership v Town Bd. of Town of Oyster Bay,* 21 AD3d 964, 966 [2005]; *cf. Buechel v Bain,* 97 NY2d 295, 303-304 [2001], *cert denied* 535 US 1096 [2002]). Nevertheless, Fidelity's motion, made pursuant to CPLR 3211, was untimely (*see* CPLR 3211 [e]) and, thus, was properly denied. If Fidelity wishes to move to dismiss the action as time-barred—a defense it pleaded in its answer—it may do so in a proper motion for summary judgment in the normal course of the litigation (*see* CPLR 3212). Florio, J.P., Crane, Goldstein and Spolzino, JJ., concur.