■ LISA GOLDSTEIN, Respondent, v CARNELL ASSOCIATES, INC., et al., Appellants. [906 NYS2d 905]—

In an action to recover damages for gross negligence, the defendants appeal from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered July 20, 2009, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The plaintiff contracted with the defendants to conduct a pre-purchase inspection of a house and prepare a report of their findings. The contract provided that the defendants would conduct a limited visual inspection of apparent conditions in easily accessible areas, and that no warranties or guarantees were made for any latent or concealed defects. Additionally, the contract contained a provision limiting the defendants' liability to the cost of the inspection. Following the inspection, the defendants issued their report to the plaintiff, and the plaintiff then entered into a contract of sale and completed the purchase of the house. The plaintiff subsequently commenced this action against the defendants, alleging that they were grossly negligent in their inspection, in that they failed to identify, among other things, several structural defects in the house. The defendants moved for summary judgment dismissing the complaint, and the Supreme Court denied the motion.

As a general rule, a contractual provision absolving a party from its own negligence or limiting its liability is enforceable (see Colnaghi, U.S.A. v Jewelers Protection Servs., 81 NY2d 821, 823 [1993]; Sommer v Federal Signal Corp., 79 NY2d 540, 553 [1992]; Melodee Lane Lingerie Co. v American Dist. Tel. Co., 18 NY2d 57, 69 [1966]; Ciofalo v Vic Tanney Gyms, 10 NY2d 294, 297-298 [1961]). Nonetheless, the public policy of this State dictates that "a party may not insulate itself from damages caused by grossly negligent conduct" (Sommer v Federal Signal Corp., 79 NY2d at 554; see Colnaghi, U.S.A. v Jewelers Protection Servs., 81 NY2d at 823; Kalisch-Jarcho, Inc. v City of New York, 58 NY2d 377, 384-385 [1983]; Gross v Sweet, 49 NY2d 102, 106 [1979]). Gross negligence "differs in kind, not only degree, from claims of ordinary negligence" (Colnaghi, U.S.A. v Jewelers Protection Servs., 81 NY2d at 823). To constitute gross

negligence, a party's conduct must " 'smack[ ] of intentional wrongdoing' " or "evince[ ] a reckless indifference to the rights of others" (*Sommer v Federal Signal Corp.*, 79 NY2d at 554, quoting *Kalisch-Jarcho, Inc. v City of New York*, 58 NY2d at 385). Stated differently, a party is grossly negligent when it fails "to exercise even slight care" (*Food Pageant v Consolidated Edison Co.*, 54 NY2d 167, 172 [1981]) or "slight diligence" (*Dalton v Hamilton Hotel Operating Co.*, 242 NY 481, 488 [1926]; *see DRS Optronics, Inc. v North Fork Bank*, 43 AD3d 982, 986 [2007]; *Gentile v Garden City Alarm Co.*, 147 AD2d 124, 131 [1989]; *see also* PJI 2:10A ["Gross negligence means a failure to use even slight care, or conduct that is so careless as to show complete disregard for the rights and safety of others"]).

Here, the inspection contract entered into by the parties limited the defendants' liability for any deficiencies in their performance to the cost of the inspection. Notwithstanding that provision of the contract, the plaintiff alleges, in the complaint's sole cause of action, that she is entitled to recover from the defendants the full cost of repairing the alleged defects that the defendants failed to observe during their inspection and disclose in their report, since those omissions constituted gross negligence on the defendants' part. Contrary to the defendants' contention, our prior decisions in cases of a similar nature (*see Smith-Hoy v AMC Prop. Evaluations, Inc.*, 52 AD3d 809, 811 [2008]; *Mancuso v Rubin*, 52 AD3d 580, 583 [2008]; *Schietinger v Tauscher Cronacher Professional Engrs., P.C.*, 40 AD3d 954, 956 [2007]; *Peluso v Tauscher Cronacher Professional Engrs.*, 270 AD2d 325, 326 [2000]) do not stand for the proposition that, as a matter of law, it is impossible for a home inspector to perform his or her contractual obligation in a grossly negligent manner. Nevertheless, the evidence submitted by the defendants in support of their motion was sufficient to demonstrate, prima facie, that the inspection performed in this case was not so defective as to evince a reckless indifference to the rights of others or a failure to exercise even slight care. In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendants' alleged omissions went beyond ordinary negligence and satisfied the gross negligence standard (*see Clement v Delaney Realty Corp.*, 45 AD3d 519 [2007]).

Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Prudenti, P.J., Fisher, Roman and Sgroi, JJ., concur.