■ EDWARD RYAN et al., Appellants, v IM KAPCO, INC., et al., Respondents. [930 NYS2d 627]—

The plaintiffs hired the defendants to perform a home inspection of a house they intended to purchase. Under the terms of the inspection agreement, the defendants' liability in connection with the home inspection was limited to $550, the fee for the home inspection services. Some time after closing on the purchase of the house, the plaintiffs commenced this action to recover damages for gross negligence. The plaintiffs claimed that the defendants were grossly negligent in the performance of the home inspection by failing to discover and disclose, among other things, that the roof rafters were not the proper size, and that the floor of one of the bedrooms was not properly supported. After a nonjury trial, the Supreme Court concluded that the defendants were not grossly negligent in connection with the inspection, and, in effect, dismissed the complaint. We affirm.

"In reviewing the Supreme Court's determination, made after a nonjury trial, our authority 'is as broad as that of the trial

court' and we 'may render the judgment . . . warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses' " (*Gelfand v Adjo Contr. Corp.*, 82 AD3d 932, 932 [2011], quoting *Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983] [internal quotation marks omitted]). Here, we discern no basis to disturb the Supreme Court's determination that the defendants were not grossly negligent.

A " 'clear contractual provision limiting damages is enforceable absent a special relationship between the parties, a statutory prohibition, or an overriding public policy' " (*Johnston v MGM Emerald Enters., Inc.*, 69 AD3d 674, 676 [2010], quoting *Schietinger v Tauscher Cronacher Professional Engrs., P.C.*, 40 AD3d 954, 955 [2007]; *see Sommer v Federal Signal Corp.*, 79 NY2d 540, 553 [1992]; *Peluso v Tauscher Cronacher Professional Engrs.*, 270 AD2d 325, 325 [2000]). "Nonetheless, the public policy of this State dictates that 'a party may not insulate itself from damages caused by grossly negligent conduct' " (*Goldstein v Carnell Assoc., Inc.*, 74 AD3d 745, 746 [2010], quoting *Sommer v Federal Signal Corp.*, 79 NY2d at 554). Gross negligence "differs in kind, not only degree, from claims of ordinary negligence" (*Colnaghi, U.S.A. v Jewelers Protection Servs.*, 81 NY2d 821, 823 [1993]). To constitute gross negligence, a party's conduct must " 'smack[ ] of intentional wrongdoing' " or "evince[ ] a reckless indifference to the rights of others" (*Sommer v Federal Signal Corp.*, 79 NY2d at 554, quoting *Kalisch-Jarcho, Inc. v City of New York*, 58 NY2d 377, 385 [1983]). "Stated differently, a party is grossly negligent when it fails 'to exercise even slight care' . . . or 'slight diligence' " (*Goldstein v Carnell Assoc., Inc.*, 74 AD3d at 747, quoting *Food Pageant v Consolidated Edison Co.*, 54 NY2d 167, 172 [1981], and *Dalton v Hamilton Hotel Operating Co.*, 242 NY 481, 488 [1926]).

Here, the plaintiffs did not allege, nor is there proof of, the existence of a special relationship between the parties, an applicable statutory prohibition against the provision in the inspection agreement limiting damages, or an overriding public policy in this regard. Rather, the plaintiffs' sole claim was that the defendants were grossly negligent in the performance of the home inspection. The Supreme Court properly determined that the evidence demonstrated that the defendants were not grossly negligent. The evidence established that the inspection "was not so defective as to evince a reckless indifference to the rights of others or a failure to exercise even slight care" (*Goldstein v Carnell Assoc., Inc.*, 74 AD3d at 747; *see Schietinger v Tauscher*

*Cronacher Professional Engrs., P.C.*, 40 AD3d at 955-956; *Clement v Delaney Realty Corp.*, 45 AD3d 519, 521 [2007]; *Peluso v Tauscher Cronacher Professional Engrs.*, 270 AD2d at 325-326). Skelos, J.P., Dickerson, Leventhal and Lott, JJ., concur.