■ PRINCETEL, LLC, Appellant, v CHRISTOPHER M. BUCKLEY et al., Respondents. [944 NYS2d 191]—

In an action to recover damages for breach of contract and negligence, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Butler, J.), entered May 5, 2011, as granted that branch of the defendants' motion which was for summary judgment, in effect, limiting their liability to the plaintiff to the prices set forth in the subject contracts.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action against the defendants to recover damages for breach of contact and negligence in connection with the defendants' performance of certain land surveys. Each of the contracts between the parties includes a limitation of liability provision which purports to limit the defendants' liability to the plaintiff to the price that the plaintiff paid for the services. In the order appealed from, the Supreme Court, inter alia, granted that branch of the defendants' motion which was for summary judgment, in effect, limiting their liability to the plaintiff to the prices set forth in the subject contracts.

"In the absence of a contravening public policy, exculpatory provisions in a contract, purporting to insulate one of the parties from liability resulting from that party's own negligence, although disfavored by the law and closely scrutinized by the courts, generally are enforced, subject however to various qualifications" (*Lago v Krollage*, 78 NY2d 95, 99 [1991]; *see Uribe v Merchants Bank of N.Y.*, 91 NY2d 336, 341 [1998]; *Colnaghi, U.S.A. v Jewelers Protection Servs.*, 81 NY2d 821, 823 [1993]; *Goldstein v Carnell Assoc., Inc.*, 74 AD3d 745, 746 [2010]). Where the language of an exculpatory agreement expresses in "unequivocal terms" the intention of the parties to

relieve a defendant of liability for its own negligence, the agreement will be enforced (*Lago v Krollage*, 78 NY2d at 100). However, such an exculpatory agreement will be viewed as wholly void "where it purports to grant exemption from liability for willful or grossly negligent acts or where a special relationship exists between the parties such that an overriding public interest demands that such a contract provision be rendered ineffectual" (*id.*; *see e.g. Schwartz v Martin*, 82 AD3d 1201, 1203 [2011]; *Gentile v Garden City Alarm Co.*, 147 AD2d 124, 131 [1989]). To constitute gross negligence, a party's conduct must " 'smack[ ] of intentional wrongdoing' " or "evince[ ] a reckless indifference to the rights of others" (*Sommer v Federal Signal Corp.*, 79 NY2d 540, 554 [1992], quoting *Kalisch-Jarcho, Inc. v City of New York*, 58 NY2d 377, 385 [1983]; *see Ryan v IM Kapco, Inc.*, 88 AD3d 682, 683 [2011]; *Goldstein v Carnell Assoc., Inc.*, 74 AD3d at 746-747).

Here, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment, in effect, limiting their liability to the plaintiff to the prices set forth in the subject contracts (*see Schietinger v Tauscher Cronacher Professional Engrs., P.C.*, 40 AD3d 954, 955-956 [2007]). In support of their motion, the defendants established, prima facie, that the complaint does not allege that the defendants performed the work under the contracts in a willful or grossly negligent manner and that the complaint does not allege any conduct by the defendants that would support such a claim (*see Weidenbenner v Stern*, 263 AD2d 453, 454 [1999]).

In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendants' alleged conduct went beyond ordinary negligence and satisfied the gross negligence standard (*see Goldstein v Carnell Assoc., Inc.*, 74 AD3d at 747). Moreover, contrary to the plaintiff's contention, the subject branch of the defendants' motion was not premature. The plaintiff failed to demonstrate that additional discovery may lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the defendants (*see* CPLR 3212 [f]; *Martinez v Kreychmar*, 84 AD3d 1037, 1038 [2011]).

The plaintiff's remaining contentions are without merit.

Accordingly, the limitation of liability provisions in the subject contracts are enforceable. Rivera, J.P., Dickerson, Leventhal and Cohen, JJ., concur.