■ DOLPHIN HOLDINGS, LTD., Appellant, v GANDER & WHITE SHIPPING, INC., Respondent. [998 NYS2d 107]—

In an action, inter alia, to recover damages for gross negligence, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Strauss, J.), entered October 22, 2013, as granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging gross negligence.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging gross negligence is denied.

"On a motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the complaint must be construed liberally, the factual allegations deemed to be true,

and the nonmoving party must be given the benefit of all favorable inferences" (*Leon v Martinez*, 84 NY2d 83, 87 [1994]; *see Carillo v Stony Brook Univ.*, 119 AD3d 508, 508-509 [2014]). The court is limited to "an examination of the pleadings to determine whether they state a cause of action," and the "plaintiff may not be penalized for failure to make an evidentiary showing in support of a complaint that states a claim on its face" (*Miglino v Bally Total Fitness of Greater N.Y., Inc.*, 20 NY3d 342, 351 [2013]). "The test of the sufficiency of a pleading is 'whether it gives sufficient notice of the transactions, occurrences, or series of transactions or occurrences intended to be proved and whether the requisite elements of any cause of action known to our law can be discerned from its averments' " (*V. Groppa Pools, Inc. v Massello*, 106 AD3d 722, 723 [2013], quoting *Pace v Perk*, 81 AD2d 444, 449 [1981] [internal quotation marks omitted]).

"A court is, of course, permitted to consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211 (a) (7)" (*Sokol v Leader*, 74 AD3d 1180, 1181 [2010]), and, if it does so, "the criterion then becomes 'whether the proponent of the pleading has a cause of action, not whether he has stated one' " (*id.* at 1181-1182, quoting *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). "Yet, affidavits submitted by a defendant will almost never warrant dismissal under CPLR 3211 unless they establish conclusively that [the plaintiff] has no cause of action" (*Bokhour v GTI Retail Holdings, Inc.*, 94 AD3d 682, 683 [2012] [internal quotation marks omitted]).

Gross negligence "differs in kind, not only degree, from claims of ordinary negligence" (*Colnaghi, U.S.A. v Jewelers Protection Servs.*, 81 NY2d 821, 823 [1993]; *see Goldstein v Carnell Assoc., Inc.*, 74 AD3d 745, 746 [2010]). "To constitute gross negligence, a party's conduct must smack of intentional wrongdoing or evince a reckless indifference to the rights of others" (*Ryan v IM Kapco, Inc.*, 88 AD3d 682, 683 [2011] [internal quotation marks and brackets omitted]). "Stated differently, a party is grossly negligent when it fails to exercise even slight care or slight diligence" (*id.* at 683 [internal quotation marks omitted and ellipsis omitted]; *see Goldstein v Carnell Assoc., Inc.*, 74 AD3d at 747). Ordinarily, the question of gross negligence is a matter to be determined by the trier of fact (*see Food Pageant v Consolidated Edison Co.*, 54 NY2d 167, 172-173 [1981]).

Here, the amended complaint alleges that the plaintiff is a Liberian corporation in the business of owning an art collection and that the defendant is a New York corporation in the busi-

ness of packing and transporting valuable works of art. On May 25, 2012, the defendant's employees allegedly damaged a work of art, worth more than $10 million, in the process of packing and moving the plaintiff's artwork pursuant to a contract between the parties. More specifically, the amended complaint alleges that the defendant failed to exercise even slight care by, among other things, placing two valuable works in close proximity to each other, in violation of the defendant's own policy and practice, and thereby causing the works to come in contact with each other, resulting in more than $1 million in damage to one of the works. The amended complaint also alleges that the defendant, by tearing the work either before or while packing it into a travel frame, failed to exercise even slight care.

Although the amended complaint does not set forth the exact manner in which the defendant damaged the work, taking into account that the defendant is in a better position to know the details and that the motion was made pre-answer, the pleading sufficiently identified the complained-of conduct, and set forth the material elements of a gross negligence cause of action (*see* CPLR 3013; *Grcic v Peninsula Hosp. Ctr.*, 110 AD2d 625, 626 [1985]).

Moreover, the affidavits submitted by the defendant in support of its motion "failed to demonstrate that any fact alleged in the complaint was undisputedly not a fact at all" (*Bokhour v GTI Retail Holdings, Inc.*, 94 AD3d at 683; *see Guggenheimer v Ginzburg*, 43 NY2d at 275).

The defendant's remaining contentions are without merit.

Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging gross negligence. Chambers, J.P., Sgroi, Miller and Barros, JJ., concur. **[Prior Case History: 2013 NY Slip Op 32883(U).]**