■ LILLIAN FOGAN-CHEW, Respondent, v POUGHKEEPSIE DEPARTMENT OF PUBLIC WORKS et al., Defendants, and CITY OF POUGHKEEPSIE, Appellant. [23 NYS3d 311]—

In an action to recover damages for personal injuries, the defendant City of Poughkeepsie appeals from so much of an order of the Supreme Court, Dutchess County (Brands, J.), dated December 4, 2014, as denied that branch of its motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it for failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly tripped and fell in a hole adjacent to a "no parking" sign while walking in a grassy area between a sidewalk and a curb in the defendant City of Poughkeepsie. After filing a notice of claim, the plaintiff commenced this action against the City, the City's Department of Public Works, and the owners of the abutting property. In relevant part, the complaint alleges that the City had prior written notice of the alleged dangerous condition and, alternatively, that the City caused and created the dangerous condition.

Insofar as relevant to this appeal, the City moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it. That branch of the motion was denied by the Supreme Court, and the City appeals from that portion of the order.

Contrary to the City's contention, "meticulous particularity is not required [under CPLR 3013] and . . . the pleading should not be dismissed unless the allegations therein are not sufficiently particular to apprise the court and the parties of the subject matter of the controversy" (*Matter of Barnes v La Vallee*, 39 NY2d 721, 724-725 [1976] [internal quotation marks omitted]). While the complaint must set forth sufficient data for the defendant to ascertain what it is that the plaintiff is complaining about (*see Grcic v Peninsula Hosp. Ctr.*, 110 AD2d 625 [1985]), it "need not reveal matters that are commonly within the exclusive knowledge of [the defendant]" (*Weber v Wise*, 86 AD2d 891, 891 [1982]; *see Dolphin Holdings, Ltd. v Gander & White Shipping, Inc.*, 122 AD3d 901, 903 [2014]).

Applying these principles here, the Supreme Court properly denied that branch of the City's motion which was to dismiss the complaint insofar as asserted against it, as the plaintiff sufficiently alleged in the complaint that the City had prior written notice of the alleged dangerous condition and, alternatively, that the City caused and created the allegedly dangerous condition (*see Molinoff v Tanenbaum*, 118 AD3d 761 [2014]). Chambers, J.P., Hall, Austin and Barros, JJ., concur.