J. Petrocelli Contracting, Inc., Appellant, v Morganti Group, Inc., Respondent. [27 NYS3d 646]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Pines, J.), entered April 23, 2014, as granted those branches of the defendant's motion which were to dismiss the first and second causes of action pursuant to CPLR 3211 (a) (7).

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff entered into a subcontract to perform construction work for the defendant, the construction manager on a renovation project for the City of New York Department of Design and Construction. The plaintiff commenced this action, inter alia, to recover damages it alleges it incurred when the project was substantially delayed through no fault of its own. Thereafter, the defendant moved pursuant to CPLR 3211 (a) to dismiss the complaint. In an order entered April 23, 2014, the Supreme Court granted the defendant's motion. The plaintiff appeals from so much of the order as granted those branches of the defendant's motion which were to dismiss the first and second causes of action pursuant to CPLR 3211 (a) (7).

When a defendant submits evidentiary material in support of a motion to dismiss pursuant to CPLR 3211 (a) (7), the analysis is " 'whether the proponent of the pleading has a cause of action, not whether he has stated one' " (*Sokol v Leader*, 74 AD3d 1180, 1181-1182 [2010], quoting *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]).

The Supreme Court properly granted that branch of the defendant's motion which was to dismiss the first cause of action in the complaint, which alleged breach of contract, pursuant to CPLR 3211 (a) (7). In support of its motion, the defendant submitted the contract between it and the plaintiff, which contains a clause that expressly provides that the defendant "shall not be liable to the [plaintiff] for any damages resulting from delays caused by any entity." Pursuant to the contract, the plaintiff expressly agreed that, "apart from recovery from said entity, [the plaintiff's] exclusive remedy for delay shall be an extension of the time for performance of the [plaintiff's] work." Accordingly, dismissal was proper with respect to the breach of contract cause of action to recover damages for delays

in the completion of the defendant's work (*see Bovis Lend Lease [LMB], Inc. v Lower Manhattan Dev. Corp.*, 108 AD3d 135 [2013]; *Plato Gen. Constr. Corp./EMCO Tech Constr. Corp., JV, LLC v Dormitory Auth. of State of N.Y.*, 89 AD3d 819, 823-824 [2011]).

The Supreme Court also properly granted dismissal of the second cause of action, which alleged gross negligence and willful misconduct. "To constitute gross negligence, a party's conduct must smack of intentional wrongdoing or evince a reckless indifference to the rights of others" (*Ryan v IM Kapco, Inc.*, 88 AD3d 682, 683 [2011] [internal quotation marks and brackets omitted]). Here, the plaintiff failed to allege any facts constituting willful misconduct or gross negligence on the part of the defendant (*see id.* at 683).

Accordingly, we affirm the order insofar as appealed from. Dillon, J.P., Dickerson, Austin and Duffy, JJ., concur. ■