■ SKYWEST, INC., Appellant, v GROUND HANDLING, INC., Respondent. [55 NYS3d 262]—

In an action to recover damages for injury to property, the plaintiff appeals from an order of the Supreme Court, Westchester County (Smith, J.), dated November 21, 2014, which granted the defendant's motion pursuant to CPLR 3211 (a) to dismiss the complaint, and denied its cross motion for leave to amend the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, a commercial airline, operates flights out of Westchester County Airport (hereinafter the Airport). The Airport is operated by the County of Westchester. The defendant contracted with the County to provide ground handling services at the Airport. Allegedly, on two separate occasions, the plaintiff's aircraft were damaged at the Airport while being towed by the defendant's employees. Thereafter, the plaintiff commenced this action against the defendant to recover damages for injury to property, alleging negligence and gross negligence. The defendant moved pursuant to CPLR 3211 (a) to dismiss the complaint. The plaintiff opposed the defendant's motion and cross-moved for leave to amend the complaint. The

Supreme Court granted the defendant's motion and denied the plaintiff's cross motion. The plaintiff appeals, and we affirm.

"When a party moves to dismiss a complaint pursuant to CPLR 3211 (a) (7), the standard is whether the pleading states a cause of action, not whether the proponent of the pleading has a cause of action" (*Sokol v Leader*, 74 AD3d 1180, 1180-1181 [2010]; *see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). "In considering such a motion, the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Sokol v Leader*, 74 AD3d at 1181 [internal quotation marks omitted]; *see Nonnon v City of New York*, 9 NY3d 825, 827 [2007]). "A court is, of course, permitted to consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211 (a) (7). If the court considers evidentiary material, the criterion then becomes whether the proponent of the pleading has a cause of action, not whether [she or] he has stated one" (*Sokol v Leader*, 74 AD3d at 1181-1182 [citations and internal quotation marks omitted]).

The Supreme Court properly directed the dismissal of the first cause of action, which alleged negligence. "Where the language of an exculpatory agreement expresses in 'unequivocal terms' the intention of the parties to relieve a defendant of liability for its own negligence, the agreement will be enforced" (*Princetel, LLC v Buckley*, 95 AD3d 855, 855-856 [2012], quoting *Lago v Krollage*, 78 NY2d 95, 100 [1991]). In support of its motion, the defendant submitted the "Airport Terminal Use Agreement" entered into between the County and the plaintiff. Provisions in the Airport Terminal Use Agreement express in unequivocal terms the intention of the parties to relieve the County and its agents, in this case, the defendant, from liability resulting from negligence in the performance of ground handling services at the Airport. Thus, this evidence showed that the plaintiff had no cause of action to recover damages for negligence.

The Supreme Court also properly directed the dismissal of the second cause of action, which alleged gross negligence. " 'To constitute gross negligence, a party's conduct must smack of intentional wrongdoing or evince a reckless indifference to the rights of others' " (*J. Petrocelli Contr., Inc. v Morganti Group, Inc.*, 137 AD3d 1082, 1083 [2016], quoting *Ryan v IM Kapco, Inc.*, 88 AD3d 682, 683 [2011]). Here, the plaintiff failed to allege any facts constituting willful misconduct or gross negligence on the part of the defendant.

In view of the foregoing, the Supreme Court properly granted the defendant's motion to dismiss the complaint, even though, as the plaintiff correctly contends, the request for dismissal pursuant to CPLR 3211 (a) (1) was untimely (*see* CPLR 3211 [e]; *Portilla v Law Offs. of Arcia & Flanagan*, 125 AD3d 956, 956-957 [2015]; *Diaz v DiGiulio*, 29 AD3d 623 [2006]).

Further, the Supreme Court providently exercised its discretion in denying the plaintiff's cross motion for leave to amend the complaint. "Although leave to amend should be freely given in the absence of prejudice or surprise to the opposing party (*see* CPLR 3025 [b]), the motion should be denied where the proposed amendment is palpably insufficient or patently devoid of merit" (*Strunk v Paterson*, 145 AD3d 700, 701 [2016]; *see Lucido v Mancuso*, 49 AD3d 220, 229 [2008]). "Whether to grant such leave is within the motion court's discretion, the exercise of which will not be lightly disturbed" (*Pergament v Roach*, 41 AD3d 569, 572 [2007]). In this case, the proposed amendments were patently devoid of merit.

Accordingly, the Supreme Court properly granted the defendant's motion pursuant to CPLR 3211 (a) to dismiss the complaint, and properly denied the plaintiff's cross motion for leave to amend the complaint. Leventhal, J.P., Cohen, LaSalle and Barros, JJ., concur.