██ Kelly Graven et al., Individually and as Parents of their Child, Appellants, v Children's Home R.T.F., Inc., Also Known as Stillwater R.T.F. and Another, et al., Respondents, et al., Defendants. [60 NYS3d 556]—

Egan Jr., J.P. Appeal from an order of the Supreme Court (Dowd, J.), entered September 12, 2016 in Chenango County, which granted certain defendants' motion to dismiss the complaint.

Plaintiffs are the parents of a child who was placed in October 2012 under the care and supervision of defendant Children's Home R.T.F., Inc. (hereinafter the facility), a residential treatment facility in Broome County. In February 2014, plaintiffs commenced this action against the facility and others, alleging—in the first cause of action—negligence, gross negligence, interference with the child's educational rights under the Individuals with Disabilities Education Act (20 USC § 1400 et seq. [hereinafter IDEA]) and gender discrimination, and raising substantive and procedural due process claims under 42 USC § 1983. Certain defendants successfully removed the case to the United States District Court for the Northern District of New York and, following service of an answer and additional motion practice, all of plaintiffs' federal claims, including their IDEA claims, were dismissed with prejudice, and plaintiffs' remaining state claims—denominated by District Court as sounding in negligence and gross negligence—were remanded.

In the interim, Mental Hygiene Legal Service commenced a separate proceeding pursuant to Mental Hygiene Law § 9.25 to determine the suitability and willingness of the child to remain at the facility. Plaintiffs were named as interested parties to that proceeding and, following an April 2014 conference, the parties consented to an order providing for the child's discharge from the facility. As the parties were unable to reach an agreement as to the specific discharge plan, a hearing ensued to determine an appropriate placement for the child. At the conclusion thereof, Supreme Court—crediting the proof tendered by Mental Hygiene Legal Service—ordered that the

child be discharged from the facility to a community residence offering a less intensive level of care.

The facility and certain defendant staff members (hereinafter collectively referred to as defendants) thereafter moved to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7)—contending that certain of plaintiffs' claims were barred by principles of collateral estoppel and that the balance thereof failed to state a cause of action. Supreme Court granted defendants' motion, finding that the core premise underlying plaintiffs' negligence claims—namely, that their child suffered from reactive attachment disorder (hereinafter RAD) and, therefore, required a more specialized and intensive treatment protocol than the facility was willing to provide—had been addressed and decided in the context of the hearing to determine an appropriate placement for the child and, therefore, such claims were barred by collateral estoppel. As to the balance of plaintiffs' claims, Supreme Court concluded that dismissal was warranted for failure to state a cause of action or, as to plaintiffs' IDEA claim, that such issue already had been addressed by District Court. This appeal by plaintiffs ensued.

We affirm. "On a motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a claim, we must afford the complaint a liberal construction, accept the facts as alleged in the pleading as true, confer on the nonmoving party the benefit of every possible inference and determine whether the facts as alleged fit within any cognizable legal theory" (*McFadden v Amodio*, 149 AD3d 1282, 1283 [2017] [internal quotation marks and citations omitted]; *see Porco v Lifetime Entertainment Servs., LLC*, 147 AD3d 1253, 1254 [2017]). "This liberal standard, however, will not save allegations that consist of bare legal conclusions or factual claims that are flatly contradicted by documentary evidence or are inherently incredible" (*Hyman v Schwartz*, 127 AD3d 1281, 1283 [2015] [internal quotation marks and citations omitted]; *accord Town of Tupper Lake v Sootbusters, LLC*, 147 AD3d 1268, 1269 [2017]).

Plaintiffs alleged, among other things, that the facility's "staff knew or should have known it was necessary to provide a therapeutic environment that focused on attachment therapy" in order that the child could resume living in the community and benefit from the educational plan to which he was entitled. Additionally, plaintiffs alleged that defendants erroneously concluded that the child could be "discharged to a lower level of supervision" and, in so concluding, disregarded the child's asserted "history" of RAD and "did not properly consider [the child's] individual needs for therapeutic intervention." Ac-

cording to plaintiffs, defendants further were negligent and grossly negligent in that they failed "to integrate the [child's] treatment needs . . . with his educational experience, especially since the manifestations of his handicapping condition namely, RAD, were interfering with his ability to benefit from the [public education] to which he was entitled." As a result of defendants' actions, plaintiffs alleged, they "sustained significant humiliation and embarrassment and mental anguish."

Although the record on appeal does not contain a transcript of the hearing conducted in the Mental Hygiene Law § 9.25 proceeding, it is apparent from a review of Supreme Court's resulting decision that the fundamental issues underlying plaintiffs' negligence claim, i.e., that the child suffers from RAD and requires specialized and intensive therapy in a residential-treatment setting, indeed were addressed and decided in the context of the prior discharge/placement proceeding. Notably, Supreme Court's written decision—rendered following a hearing at which plaintiffs and their expert witness appeared and testified—expressly references the testimony offered by plaintiffs' expert on the subject of RAD, as well as the conflicting proof adduced relative to the child's various diagnoses, the recommendations for further treatment and the need for the child to be placed in a residential versus community setting. Having resolved these core issues in the context of the placement proceeding, we agree with defendants that the elements of collateral estoppel have been met here (*see generally Corvetti v Town of Lake Pleasant*, 146 AD3d 1118, 1120-1121 [2017]; *Matter of Bubel v Board of Educ. of the Saugerties Cent. Sch. Dist.*, 117 AD3d 1157, 1158 [2014]) and, therefore, plaintiffs cannot relitigate that aspect of their negligence claim in the present action. To the extent that plaintiffs argue that the instant negligence action is conceptually different from the underlying Mental Hygiene Law § 9.25 proceeding, we need note only that collateral estoppel "applies to claims actually litigated or that could have been litigated, and despite the fact that the claims are based on a different [legal] theory or seek a different remedy" (*Corvetti v Town of Lake Pleasant*, 146 AD3d at 1121).

As to the balance of plaintiffs' negligence claim, any issues relative to the alleged IDEA violations, including the assertion that the facility failed to provide the child with a proper educational plan or otherwise hindered or interfered with the child's educational opportunities, were resolved when such claims were removed to federal court and thereafter were dismissed with prejudice. To the extent that plaintiffs have al-

leged gross negligence, the case law reveals that such a claim requires "conduct that evinces a reckless disregard for the rights of others or smacks of intentional wrongdoing" (*Finsel v Wachala*, 79 AD3d 1402, 1404 [2010] [internal quotation marks and citations omitted]; *see Skywest, Inc. v Ground Handling, Inc.*, 150 AD3d 922, 923 [2017]). To our analysis, "plaintiff[s] failed to allege any facts constituting willful misconduct or gross negligence on the part of . . . defendant[s]" (*Skywest, Inc. v Ground Handling, Inc.*, 150 AD3d at 923). Similarly, plaintiffs' blanket assertion—that defendants failed "to treat them in the same manner as a traditional family"—falls short of establishing a viable claim for gender discrimination. Finally, we agree with Supreme Court that plaintiffs failed to state a cause of action for negligent infliction of emotional distress, "as defendants did not owe plaintiffs an independent duty" in treating or discharging plaintiffs' child to a less intensive setting (*Gallagher v Cayuga Med. Ctr.*, 151 AD3d 1349, 1355 [2017]). For all of these reasons, we find that Supreme Court properly dismissed plaintiffs' complaint pursuant to CPLR 3211 (a) (5) and (7). Plaintiffs' remaining arguments, to the extent not specifically addressed, have been examined and found to be unpersuasive.

Lynch, Devine, Clark and Aarons, JJ., concur. Ordered that the order is affirmed, with costs.