Astoria Generating Co., LP v Riley Power, Inc. (2020 NY Slip Op 00560)





Astoria Generating Co., LP v Riley Power, Inc.


2020 NY Slip Op 00560


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2017-06612
 (Index No. 702521/14)

[*1]Astoria Generating Company, LP, respondent,
v
Riley Power, Inc., appellant, et al., defendant.


Lewis Brisbois Bisgaard & Smith, LLP (Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, NY [Timothy R. Capowski, John F. Watkins, Jonathan P. Shaub, and Christopher R. Theobalt], of counsel), for appellant.
Finazzo Cossolini O'Leary Meola & Hager, LLC, New York, NY (Patrick A. Florentino and Robert B. Meola of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for injury to property, the defendant Riley Power, Inc., appeals from an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), entered June 19, 2017. The order, insofar as appealed from, denied that branch of the motion of the defendant Riley Power, Inc., which was for summary judgment dismissing the claim for consequential damages insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Riley Power, Inc., which was for summary judgment dismissing the claim for consequential damages insofar as asserted against it is granted.
In March 2007, the plaintiff, Astoria Generating Company, LP (hereinafter Astoria), the owner and operator of a power station, entered into a contract with the defendant Riley Power, Inc. (hereinafter Riley), concerning the overhaul and refurbishment of a steam boiler unit at the power station. On July 27, 2011, the subject unit exploded and caused damage to the power station. Thereafter, Astoria commenced this action against Riley and its subcontractor, asserting causes of action sounding in strict liability, negligence, and breach of contract. Astoria sought, among other things, consequential damages. In October 2016, Riley moved, inter alia, for summary judgment dismissing the claim for consequential damages insofar as asserted against it pursuant to the terms of a limitation of liability clause contained in an addendum to the contract. The addendum expressly limited Riley's liability for damages to "one and one half times . . . the contract price." The Supreme Court denied that branch of Riley's motion, with leave to renew after the depositions of the parties were conducted. Riley appeals.
As a threshold matter, we disagree with the Supreme Court's conclusion that the absence of an affidavit from a person having knowledge of the facts required denial of the subject branch of Riley's motion. The motion was supported by the affirmation of an attorney which was used to introduce undisputed documentary evidence, including the contract between the parties and the addendum containing the limitation of liability provision (see Gezelter v Pecora, 129 AD3d 1021, 1022; Electrical Waste Recycling Group, Ltd. v Andela Tool & Mach., Inc., 107 AD3d 1627, [*2]1628-1629; Gihon, LLC v 501 Second St., LLC, 103 AD3d 840, 841; Maragos v Sakurai, 92 AD3d 922, 923). In addition, the court should not have denied the subject branch of the motion as premature. Astoria failed to establish that additional discovery may lead to relevant evidence or that the facts essential to justify opposition to the branch of the motion were exclusively in Riley's knowledge and control (see Princetel, LLC v Buckley, 95 AD3d 855, 856; Woodard v Thomas, 77 AD3d 738, 740).
A clear contractual provision limiting damages is enforceable, unless there is a special relationship between the parties, there is a statutory prohibition against it, or it is against public policy because the conduct of the party seeking to enforce it was grossly negligent (see Ryan v IM Kapco, Inc., 88 AD3d 682; Schietinger v Tauscher Cronacher Professional Engrs., 40 AD3d 954, 955; Rector v Calamus Group, Inc., 17 AD3d 960, 961). Here, Riley established, prima facie, that the clear limitation of liability provision contained in the addendum to the contract was part of an arm's length transaction between the parties, two sophisticated commercial entities, and is thus valid and enforceable (see 159 MP Corp. v Redbridge Bedford, LLC, 33 NY3d 353, 358-359). Riley further established, prima facie, that there was no special relationship between it and Astoria, that there was no statutory prohibition against the limitation of liability provision, and that the provision was not against public policy (see Colnaghi, U.S.A. v Jewelers Protection Servs., 81 NY2d 821, 823-824; Gross v Sweet, 49 NY2d 102, 106-107). In opposition, Astoria failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Accordingly, the Supreme Court should have granted that branch of Riley's motion which was for summary judgment dismissing the claim for consequential damages insofar as asserted against it.
DILLON, J.P., DUFFY, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court