John v Varughese (2021 NY Slip Op 03026)





John v Varughese


2021 NY Slip Op 03026


Decided on May 12, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
HECTOR D. LASALLE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-04162
2017-05352
 (Index No. 602306/15)

[*1]Thomas John, etc., appellant,
v
George Varughese, etc., respondent.


Hogan & Cassell, LLP, Jericho, NY (Michael Cassell of counsel), for appellant.
Gabor & Marotta, LLC, Staten Island, NY (Daniel C. Marotta, Ilyssa Gabor Florio, and Richard M. Gabor of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for gross negligence and breach of fiduciary duty, the plaintiff appeals from (1) a decision of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), dated March 15, 2017, and (2) a judgment of the same court entered April 26, 2017. The judgment, insofar as appealed from, upon the decision, made after a nonjury trial, is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the judgment is modified, on the law and the facts, by deleting the provision thereof dismissing the second cause of action, which alleged breach of fiduciary duty, and substituting therefor a provision awarding judgment in favor of the plaintiff as to that cause of action in the principal sum of $50,000; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate amended judgment.
In April 2015, the plaintiff, derivatively, on behalf of Dutchess Gardens Realty, LLC (hereinafter the company), commenced this shareholders' derivative action against the defendant, George Varughese, the then managing member of the company. The defendant had begun serving in that capacity in late 2009. The plaintiff alleged, inter alia, that the defendant engaged in certain improper conduct to the detriment of the company. After a nonjury trial, the Supreme Court, among other things, dismissed the complaint. The plaintiff appeals.
On an appeal from a judgment entered after a nonjury trial, this Court "may render the judgment it finds warranted by the facts, taking into account in a close case 'the fact that the trial judge had the advantage of seeing the witnesses'" (Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499, quoting York Mtge. Corp. v Clotar Constr. Corp., 254 NY 128, 133-134; see Inspectronic Corp. v Gottlieb Skanska, Inc., 135 AD3d 707, 707-708; Riverside Capital Advisors, Inc. v First Secured Capital Corp., 28 AD3d 452, 454).
"The elements of a cause of action to recover damages for breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct" (Rut v Young Adult Inst., Inc., 74 AD3d 776, 777; see Wallkill Med. Dev., LLC v Catskill Orange Orthopaedics, P.C., 178 AD3d 987, 988-989; Faith Assembly v Titledge of N.Y. Abstract, LLC, 106 AD3d 47, 61).
The plaintiff established its entitlement to judgment in its favor as to the cause of action alleging breach of fiduciary duty, in part. The company's operating agreement contained a provision exculpating a managing member from liability for breach of fiduciary duty, except as to actions or omissions that were "in bad faith or involved intentional misconduct or a knowing violation of law or that he personally gained in fact a financial profit or other advantage to which he was not legally entitled." Therefore, the defendant may be held liable only for an intentional or bad faith breach of fiduciary duty, or an act from which he personally gained a financial profit or other advantage to which he was not legally entitled (see Limited Liability Company Law § 417[a]; see also Howard v Pooler, 184 AD3d 1160, 1165). The trial evidence showed that the defendant intentionally breached a fiduciary duty to the company by transferring the sum of $50,000 from the company's funds to another entity in which he had an interest, without authority and without any benefit to the company (see J-K Apparel Sales Co., Inc. v Jacobs, 189 AD3d 1011, 1013; see also Greenberg v Wiesel, 186 AD3d 1336, 1338). The defendant's use of those funds for his own attorney's fees was not authorized by the company's operating agreement (see generally Limited Liability Company Law § 420).
However, the remaining alleged actions of the defendant did not rise to the level of an intentional or willful breach of fiduciary duty, nor an intentional waste of the company's assets. The plaintiff failed to establish that the defendant overpaid himself for professional services or overpaid a property manager, or that he otherwise breached a fiduciary duty to the company (see Celauro v 4C Foods Corp., 187 AD3d 836, 837-838; Chipetine v Neu, 182 AD3d 571, 572; Feldmeier v Feldmeier Equip., Inc., 164 AD3d 1093, 1096-1097), or committed intentional waste of its assets (see Shapiro v Rockville Country Club, Inc., 22 AD3d 657, 659).
In addition, the plaintiff failed to establish any acts of actionable misrepresentation. To prevail on a cause of action for fraudulent misrepresentation, a plaintiff must allege "a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury" (Lama Holding Co. v Smith Barney, 88 NY2d 413, 421; see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 178). "[L]iability for negligent misrepresentation has been imposed only on those persons who possess unique or specialized expertise, or who are in a special position of confidence and trust with the injured party such that reliance on the negligent misrepresentation is justified" (Kimmell v Schaefer, 89 NY2d 257, 263; see Greenberg, Trager & Herbst, LLP v HSBC Bank USA, 17 NY3d 565, 578). A cause of action to recover damages based on fraudulent omission or fraudulent concealment may lie against a defendant who "had a duty to disclose material information [but] failed to do so" (P.T. Bank Cent. Asia, N.Y. Branch v ABN AMRO Bank N.V., 301 AD2d 373, 376; see Mandarin Trading Ltd. v Wildenstein, 16 NY3d at 178).
In light of the operative exculpatory clause in the company's operating agreement, the defendant may be held liable only for an intentional act of misrepresentation or concealment (see Limited Liability Company Law § 417[a]). The plaintiff alleged, inter alia, that the defendant failed to disclose certain information regarding the lack of insurance coverage after a 2011 fire, and failed to timely disclose an action to foreclose a mortgage on real property owned by the company. The plaintiff also alleged that the defendant failed to timely disclose certain financial information about the company. However, the plaintiff did not prove that any such actions induced reasonable reliance or resulted in damage to the company, and therefore failed to establish the elements of these causes of action (see Wallkill Med. Dev., LLC v Catskill Orange Orthopaedics, P.C., 178 AD3d at 990; Harris v Dutchess County Bd. of Coop. Educ. Servs., 170 AD3d 821).
Lastly, the cause of action alleging gross negligence, insofar as based on a 2011 fire [*2]and the lapse in insurance coverage at that time, was untimely asserted (see CPLR 214; Pecoraro v M & T Bank Corp., 11 AD3d 950, 952). Contrary to the plaintiff's contention, the defendant properly raises the statute of limitations as an alternative ground for affirmance (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539). The plaintiff failed to establish that any other alleged acts of the defendant constituted gross negligence, as the evidence did not show that the defendant engaged in "intentional wrongdoing," or conduct that "evince[d] a reckless indifference to the rights of others" (Ryan v IM Kapco, Inc., 88 AD3d 682, 683 [internal quotation marks omitted]; see Matter of Cadus Corp. Stockholders Litig., 189 AD3d 437, 438; see also J. Petrocelli Contr., Inc. v Morganti Group, Inc., 137 AD3d 1082, 1083; Educational Ctr. for New Ams., Inc. v 66th Ave. Realty Co., 131 AD3d 442, 444).
HINDS-RADIX, J.P., LASALLE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court