Seti v Carnell Assoc., Inc. (2023 NY Slip Op 03718)

Seti v Carnell Assoc., Inc.

2023 NY Slip Op 03718

Decided on July 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-06698
 (Index No. 68013/18)

[*1]Jonathan Seti, et al., appellants, 
v
Carnell Associates, Inc., respondent, et al., defendants.

Keane & Beane, P.C., White Plains, NY (Andrew P. Tureaud of counsel), for appellants.
McLaughlin & Stern, LLP, New York, NY (Nelson E. Canter of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for gross negligence, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Mary H. Smith, J.), dated July 28, 2020. The order granted the motion of the defendant Carnell Associates, Inc., for summary judgment dismissing the complaint insofar as asserted against it, and denied, as academic, the plaintiffs' cross-motion for summary judgment on the complaint insofar as asserted against that defendant.
ORDERED that the order is affirmed, with costs.
The plaintiffs hired the defendant Carnell Associates, Inc. (hereinafter Carnell), to perform a prepurchase inspection of a house and prepare a report of its findings. The contract provided that a Carnell employee would conduct a limited visual inspection of apparent conditions in easily accessible areas, and that no warranties or guarantees were made for any latent or concealed defects. Additionally, the contract contained a provision limiting Carnell's liability to the cost of the inspection. Following the inspection, Carnell issued its report to the plaintiffs, and the plaintiffs completed the purchase of the house. The plaintiffs subsequently commenced this action against Carnell, among others, alleging that it was grossly negligent in its inspection in that it failed to identify, among other things, termite damage and a structural defect with the concrete slab. Carnell moved for summary judgment dismissing the complaint insofar as asserted against it, and the plaintiffs cross-moved for summary judgment on the complaint insofar as asserted against Carnell. The Supreme Court granted Carnell's motion and denied, as academic, the plaintiffs' cross-motion. The plaintiffs appeal.
As a general rule, a contractual provision absolving a party from liability for its own negligence or limiting its liability is enforceable (see Ryan v IM Kapco, Inc., 88 AD3d 682, 683; Goldstein v Carnell Assoc., Inc., 74 AD3d 745). Nonetheless, the public policy of this State dictates that "'a party may not insulate itself from damages caused by grossly negligent conduct'" (Goldstein v Carnell Assoc., Inc., 74 AD3d at 746, quoting Sommer v Federal Signal Corp., 79 NY2d 540, 554). Gross negligence "differs in kind, not only degree, from claims of ordinary negligence" (Colnaghi, U.S.A. v Jewelers Protection Servs., 81 NY2d 821, 823; see Dolphin Holdings, Ltd. v Gander & White Shipping, Inc., 122 AD3d 901, 902; Ryan v IM Kapco, Inc., 88 AD3d at 683; Goldstein v Carnell Assoc., Inc., 74 AD3d at 746-747). "'To constitute gross negligence, a party's conduct must smack of intentional wrongdoing or evince a reckless indifference to the rights of others'" (Dolphin Holdings, Ltd. v Gander & White Shipping, Inc., 122 AD3d at 902, quoting Ryan [*2]v IM Kapco, Inc., 88 AD3d at 683; see John v Varughese, 194 AD3d 799, 802). "Stated differently, a party is grossly negligent when it fails to exercise even slight care . . . or slight diligence" (Ryan v IM Kapco, Inc., 88 AD3d at 683 [internal quotation marks omitted]; see Food Pageant v Consolidated Edison Co., 54 NY2d 167, 172).
Here, the inspection contract entered into by the parties limited Carnell's liability for any deficiencies in its performance to the cost of the inspection. Notwithstanding that provision of the contract, the plaintiffs allege that they are entitled to recover from Carnell the full cost of repairing the alleged defects that Carnell failed to observe during the inspection and disclose in its report, since those omissions constituted gross negligence on its part.
The evidence submitted by Carnell in support of its motion was sufficient to demonstrate, prima facie, that the inspection performed in this case was not so defective as to evince a reckless indifference to the rights of others or a failure to exercise even slight care. In opposition, the plaintiffs failed to raise a triable issue of fact as to whether Carnell's alleged omissions went beyond ordinary negligence and satisfied the gross negligence standard (see Clement v Delaney Realty Corp., 45 AD3d 519).
Since the plaintiffs failed to raise a triable issue of fact in opposition (see Alvarez v Prospect Hosp., 68 NY2d 320, 324), the Supreme Court properly granted Carnell's motion for summary judgment dismissing the complaint insofar as against it. As a result of that determination, the court properly denied, as academic, the plaintiffs' cross-motion for summary judgment on the complaint insofar as asserted against Carnell.
DILLON, J.P., MALTESE, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court